(C. D. 1599)

FRANK H. FENDERSON *v.* UNITED STATES

United States Customs Court, Third Division

(Decided March 18, 1954)

*Thompson & Thompson* (*Benjamin Thompson* and *Nathan W. Thompson* of counsel) for the plaintiff.

*Warren E. Burger*, Assistant Attorney General (*Mollie Strum*, trial attorney), for the defendant.

Before EKWALL and JOHNSON, Judges

JOHNSON, Judge: This action involves the importation of an American-made excavator which had been exported to Canada by the importer thereof but, when returned to the United States, was

attached to a tractor used as the motor power to propel the excavator into the United States. The Canadian tractor was entered as dutiable and is not involved herein, excepting that the excavator, which was entered free of duty under paragraph 1615 of the Tariff Act of 1930, as amended, was assessed with duty with the tractor as an entirety.

At the trial, the importer testified that he was a contractor and had obtained a contract to excavate for water lines for the Calais Water & Power Co. of Calais, Maine, for which he needed an excavator; that he had an excavator in Canada which was suitable for the work that he had previously transported into Canada. As a convenience, in returning the excavator to the United States, he purchased the tractor, which is attached to the excavator by means of a hydraulic attachment and the placing of a few pins; that, in attaching the two pieces of machinery together, there is nothing performed which would make the two pieces of machinery permanently attached to each other; and that the tractor, by itself, is suitable for use with snowplow attachments, shovel attachments, and for logging purposes, of course, without the use of the excavator.

From the invoice and entry papers, it appears that all of the regulations attending the free entry of American goods returned were complied with. Duty was assessed, however, upon the two pieces of machinery as an entirety, on account of a ruling in "C. I. E. 168/49 dated April 22, 1949," because of which the appraiser reported that "the entire item would be dutiable, if the Excavator & Tractor are now a physical entirety."

Counsel for the plaintiff contends that the tractor is still a tractor and the excavator is still an excavator, which is in the same condition in which it was exported from the United States, and the fact that the tractor was attached thereto as a means of compulsion is insufficient to regard the two pieces of machinery, when attached, to be an entirety.

Counsel for the Government contends that "The imported machine was assembled in Canada from an American made excavator and a Canadian tractor which is the power-producing element necessary to the operation of the excavator" and, therefore, it is to be regarded as an entirety and not separable for tariff purposes. Many cases were cited on behalf of the Government to sustain its viewpoint. However, a careful review thereof reveals that none of the cases are applicable to the situation here presented. Counsel for the Government further contends that free entry under the provisions of paragraph 1615, *supra*, is a privilege and that statutes relating thereto have always been strictly construed. The authorities cited are not applicable to the case at bar. Here, no question has been raised concerning the noncompliance of the regulations.

In the case of *Donald G. Parrot* v. *United States*, 40 C. C. P. A. (Customs) 8, C. A. D. 490, the issue concerned the proper rate applicable to the importation of a yacht which had been constructed in Canada partly from American material. In reaching the value for duty purposes, the appraiser deducted the value of the American goods, which had been installed upon the vessel but which had not lost their identity, and included such portion as had lost its identity as a part of the value of the material of foreign origin. There, free entry was allowed for the identifiable American goods, and the remainder was assessed for duty as foreign goods. The question in that case, however, concerned the proper rate to be applied to the value of the yacht. This court was affirmed in its holding that in determining the rate applicable to yachts, valued at not more than $15,000 each, the word "valued" referred to the actual value of the yacht as an entity, which would include the value of the American goods attached thereto. The foregoing case is cited to illustrate what this court considers a reasonable construction by the customs authorities of whether or not an article constitutes an entirety.

The case of *Columbia Shipbuilding Co. et al.* v. *United States*, 11 Ct. Cust. Appls. 281, T. D. 39085, involved certain steam engines and fans, designed to be operated together for supplying forced draft to boilers of vessels, each engine and fan being complete in itself and easily and readily disconnected by merely removing the temporary bolts and coupling. The court observed that each engine is complete within itself as a steam engine, and each fan is complete within itself as a blower fan, and, in holding that the engine and the fan were separately dutiable and should not be regarded as an entirety, the court stated:

> With this description of the articles before us, we conclude that the engines and fans as imported were not entireties, notwithstanding the fact that they were designed to be operated together; for when the articles are installed for use each retains its own name and essential character, and neither one becomes in fact a part of the other. Nor do they then merge or unite so as to form together a new or distinct article having a different name or character. When in use the engine simply performs the function of an engine and retains its name as such, and the fan performs the function of a fan only and retains its separate name also.

The tractor and the excavator in question in the pending case each also retains its name and essential characteristics. Neither becomes a physical entity with the other when coupled together so as to merge or unite to form together a new or distinct article having a different name or character. According to the argument of Government counsel, if a steam engine were manufactured in Canada and entered the United States as the propulsion of a train of railway cars, all of the cars attached thereto by means of couplings might be dutiable along with the engine, even though the cars were recognized as being of American production and entitled to free entry.

For the reasons stated, and following the decisions cited, we hold that the American excavator in question is entitled to entry without the payment of duty as American goods returned under the provisions of paragraph 1615 (a) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938. Judgment will, therefore, be entered in favor of the plaintiff, directing the collector of customs at the port of Portland, Maine, to reliquidate the entry and return all duties collected upon said American-made excavator. In all other respects, the protest is overruled.